United States Court of Appeals,
Fifth Circuit.

No. 92–3052

Summary Calendar.

Larry WALKER, Plaintiff–Appellee,

v.

R. Hilton BUTLER, et al., Defendants,

James Alexander McMurtry, Jr., Defendant–Appellant.

Aug. 4, 1992.

Appeal from the United States District Court for the Middle District of Louisiana.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:

Plaintiff-appellee Larry Walker, an inmate of the Louisiana Department of Corrections at Angola, Louisiana, filed this § 1983 civil rights suit against Sergeant James McMurtry, a former corrections officer at the penitentiary. Walker alleged that McMurtry was deliberately indifferent to his serious medical needs.

The case was eventually assigned to a magistrate judge. After an evidentiary hearing, the magistrate judge issued a report and recommendation that judgment be entered in Walker's favor. The magistrate found that McMurtry was deliberately indifferent to Walker's medical needs because McMurtry, without any medical training, determined that Walker's complaints of pain were not serious and ordered Walker to walk to the hospital rather than having medical assistance come to the cafeteria where Walker was injured. The magistrate found that although the injury was not worsened by the walking, Walker did suffer additional pain while walking and suggested an award of $500.00. The magistrate then found that punitive damages were not appropriate because McMurtry did not display a wanton disregard for Walker's rights.

The district court adopted the report and recommendation of the magistrate and entered judgment accordingly. McMurtry appeals.

Walker was involved in a fight with another inmate in the cafeteria and Sergeant McMurtry attempted to break up the fight. In doing so, McMurtry fell on Walker's leg. Walker complained that his leg was hurt. McMurtry was ordered to take Walker to the prison hospital. Instead of calling medical personnel to assist Walker in getting to the hospital, McMurtry made Walker walk to the hospital.[1]

Walker's right ankle was fractured in two places. It was a "closed fracture," meaning that the skin was not broken.

McMurtry argues that his conduct did not amount to deliberate indifference because he did not know that Walker had broken his ankle and because he actually escorted Walker to the hospital. The Eighth Amendment prohibits punishment that is unnecessary and wanton infliction of pain. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain and states a cause of action under 42 U.S.C. § 1983. *Id.*

A prison guard is deliberately indifferent if he intentionally denies or delays access to medical care. *Id.* Walker was not denied medical treatment and there is no proof that medical treatment was delayed as a result of McMurtry's decision to make Walker walk to the hospital. Walker argues that McMurtry exhibited deliberate indifference by forcing him to walk to the hospital, rather than calling the medical personnel to the cafeteria.

Deliberate indifference is a legal conclusion which must rest on facts evincing wanton actions

---

[1]The hospital was between 150 and 440 yards away.

on the part of the defendant. *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985). Wantonly means having a reckless disregard for the rights of others. *Id.* We hold that the district court erred in concluding that McMurtry acted with deliberate indifference. His decision to make Walker walk to the hospital to be treated was not wanton and did not involve a reckless disregard of Walker's rights. The district court even found that McMurtry did not display a wanton disregard for Walker's rights.[2] We therefore reverse the district court's judgment.[3]

REVERSED.

---

[2]The district court made this determination in concluding that McMurtry was not liable for punitive damages. In doing so, however, the district court applied the wrong punitive damages standard. Punitive damages may be awarded in § 1983 cases when the defendant's conduct is shown to be motivated by ill will or intent, or when it involves reckless or callous indifference to the constitutional rights of others. *Thompkins v. Belt,* 828 F.2d 298, 301–302 (5th Cir.1987).

[3]Because we decide the case on the merits we do not reach McMurtry's claim that he is entitled to immunity.