IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60024
Conference Calendar
_____

DAVID BENSON,

                                        Plaintiff-Appellant,

versus

SGT. KIDD, JUDY HOUSTON and
CALVIN McDONALD,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:92-CV-273
- - - - - - - - - - -
June 30, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     David Benson argues that the district court erred by
entering judgment for the defendants on his failure-to-protect
claim.  He contends that the defendants knew that his assailant,
Michael Raiford, was potentially dangerous and presented a threat
to Benson's safety.

     To establish a failure-to-protect claim under the Eighth
Amendment, a prisoner must show that prison officials were
deliberately indifferent to his need for protection.  Wilson v.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Seiter, 501 U.S. 294, 302-03 (1991). At the hearing, defendant McDonald testified that he was aware that Raiford was a management problem, but that he was not aware of a problem between Benson and Raiford until after the attack. McDonald stated that Benson had never asked to be separated from Raiford and had never indicated that he was afraid of Raiford. Defendant Houston testified that she was aware that Raiford was a management problem, but that Raiford never indicated that he had any problem with Benson and Benson never indicated that he was afraid of Raiford. Benson admitted that he never told the defendants that he was afraid of Raiford or that Raiford had threatened him.

Benson has failed to show that the defendants knew that he faced a substantial risk of serious harm and that the defendants disregarded that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). The evidence does not show wanton actions on the part of the defendants. See Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992). At most, Benson has shown that the defendants were negligent for housing him with an inmate they knew was a management problem, and mere negligence will not support a claim of deliberate indifference. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). The district court thus did not err by entering judgment for the defendants on Benson's failure-to-protect claim.

Benson lists as an issue in his appellate brief, "Whether defendants denied appellant adequate medical care by disregarding

[his] need to be provided with twenty-four hour psychiatric aides."  Benson mentioned this argument neither in the remainder of his brief nor in his reply brief, however.  Although this court liberally construes the briefs of pro se appellants, Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988), the court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (internal quotations omitted).  Even if the appellant is proceeding pro se, claims not adequately argued in the body of the brief are deemed abandoned on appeal.  See id. at 224-25.  Thus, the court need not address Benson's argument that he was denied adequate medical care as the issue is deemed abandoned on appeal.

AFFIRMED.