IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60731
_____

LARRY WILLIAMS,

Plaintiff-Appellee,

versus

JOHN BEARRY, Etc; Et AL,

Defendants,

JOHN BEARRY, Doctor,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(4:98-CV-236)
_____
September 7, 2001

Before KING, Chief Judge, JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Dr. John Bearry, Medical Director of the Mississippi State Penitentiary at Parchman, Mississippi ("Parchman"), appeals the judgment of the district court finding him liable for $12,000 for his deliberate indifference to the serious medical needs of Larry Williams, Mississippi prisoner # 53814. Williams contended below

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and on appeal that Dr. Bearry failed to provide him with the prescription pain medication ordered by his neurosurgeon after his back surgery. We find that Dr. Bearry's actions did not amount to deliberate indifference, and we REVERSE the judgment of the district court.

I

Williams entered the Rankin County Correctional Facility on January 9, 1996 on a conviction for armed robbery. Williams was transferred to Parchman in April 1996, and claims that he began complaining of back pain in July 1996 but that nothing was done until October 1997 when an MRI revealed stenosis in his spinal column. While at Parchman, Williams complained of numerous other medical problems as well. Williams had a myelogram on April 15, 1998 at the University Medical Center ("UMC") in Jackson, Mississippi and received a prescription for Tylox,[2] a narcotic pain reliever, for a severe headache. In order to receive the Tylox or any other narcotic medication Williams had to remain in the prison hospital, but Williams chose not to do so. Williams had back surgery on April 28, 1998 at UMC. On his discharge from UMC on May 1, the medical records show that Williams' physician prescribed Flexeril, a muscle relaxant, Ibuprofen for pain and inflammation, and Tylox. Dr. Bearry testified that the physician at UMC did not

---

[2]Tylox is a narcotic prescription pain medication containing oxycodone and Tylenol used for relief of moderate and moderately severe pain. See Physician's Desk Reference, 2398 (2001).

order Tylox when Williams was discharged from UMC, but that Williams was discharged on Ibuprofen and Flexeril only. Williams and Dr. Bearry testified that Williams received Darvocet,[3] a somewhat weaker narcotic pain medication, for one week following Williams' surgery, although Darvocet does not appear in Williams' medication records from Parchman. After one week, Dr. Bearry discontinued the Darvocet. Dr. Bearry testified that Williams' wound was healing appropriately and that it was proper to stop narcotic pain medication at that time. Dr. Bearry also testified that generally narcotic pain medication should not be given to a patient such as Williams who has chronic back pain. Nevertheless, Williams testified that he continued to suffer from and complain of severe pain. Dr. Bearry provided Williams with 600 milligram doses of Ibuprofen.

On May 11, 1998 Williams returned to UMC for a followup examination. Williams testified that he still had staples in his back from the surgery and that he suffered excruciating pain during the drive to UMC because he had not received his prescribed pain medication. Williams told his physician at UMC that he had not been receiving his prescribed pain medicines. The physician gave Williams an injection of Toradol,[4] a nonsteroidal anti-inflammatory

---

[3]Darvocet is a narcotic prescription pain medication used for relief of mild to moderate pain. See Physician's Desk Reference, 1708 (2001).

[4]Toradol is a nonsteroidal, anti-inflammatory prescription drug used for acute and long-term management of osteoarthritis and

3

drug ("NSAID"), and faxed a note to the Mississippi Department of Corrections ("MDOC") physicians asking them to note the UMC discharge order for pain medication for Williams, including Lodine[5] and Ibuprofen. Dr. Bearry testified that Lodine was not on the Parchman formulary,[6] but that it was in the same class as Ibuprofen and he gave Williams other NSAIDs. He also stated in an affidavit that a combination of Lodine and Williams' other gastric medications would have been very difficult on Williams' stomach.

## II

Williams initially filed a 42 U.S.C. § 1983 civil rights action against: Bearry; James Anderson, the MDOC Commissioner; Walter Booker, the MDOC Superintendent; and Larry Hardy, the Legal Claims Adjudicator. Williams alleged that the defendants denied or delayed adequate medical care for his serious back problem, and that they denied him adequate pain medication as prescribed by the UMC physician following his back surgery. The magistrate judge recommended that Williams' claims against Anderson, Booker, and Hardy be dismissed for failure to state a claim because Williams did not allege that they were personally involved in the alleged

---

rheumatoid arthritis and pain. See Physician's Desk Reference, 2789 (2001).

[5]Lodine is a nonsteroidal anti-inflammatory drug which has anti-inflammatory, analgesic and antipyretic characteristics. See Physician's Desk Reference, 3392 (2001).

[6]A formulary is a "book containing the names of pharmaceutical substances and listing their uses." American Heritage Dictionary, 517 (1981).

4

denial of adequate medical care. The magistrate judge further recommended that Williams' claim against Dr. Bearry proceed to trial. The district court adopted the magistrate judge's report and recommendation. Dr. Bearry then filed a motion for summary judgment, which the magistrate judge denied, and he proceeded to conduct a bench trial. After the bench trial, the magistrate judge issued a report and recommendation that the district court find Dr. Bearry did not delay or deny medical care for Williams' back injury.[7] The magistrate judge recommended that the district court find that Dr. Bearry was deliberately indifferent to Williams' serious medical needs through his failure to provide the prescription pain medication which the neurosurgeon ordered on Williams' discharge from the UMC hospital and again at his follow-up examination. The magistrate judge further recommended that the district court enter a judgment in favor of Williams and that he be awarded $12,000 in damages. Dr. Bearry filed timely objections to the magistrate judge's report. The district court overruled Dr. Bearry's objections and adopted the magistrate judge's report, entered a judgment in favor of Williams, and ordered Dr. Bearry to pay court costs and $12,000 in damages to Williams. Dr. Bearry timely filed a notice of appeal.

III

Dr. Bearry challenges the district court's determination that

---

[7]Williams has not appealed this finding.

5

he was deliberately indifferent to the serious medical needs of Williams. Deliberate indifference is a conclusion of law. Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992). In reviewing judgments on the merits in non-jury civil cases, we review conclusions of law de novo. Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000).

Williams bases his claims on the Eighth Amendment to the United States Constitution's prohibition of cruel and unusual punishment. Prison officials violate this constitutional proscription when they act with deliberate indifference to a prisoner's serious medical needs, that causes an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligence or "inadvertent failure to provide adequate medical care" do not suffice. Id. at 105-06. "The legal conclusion of 'deliberate indifference[]' . . . must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Cases have defined "wanton" as "reckless--without regard to the rights of others . . . ." Id. at 1238, quoting Smith v. Wade, 461 U.S. 30, 39 n. 8 (1983).

A prison official acts with deliberate indifference only if "he knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Reeves v.

6

Collins, 27 F.3d 174, 176 (5th Cir. 1994) (applying Farmer to medical claims).  This requires not only that the official be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but also that he actually draw the inference.  Farmer, 511 U.S. at 837.

Although the medical records do not reflect that Williams received Darvocet or Tylox following his surgery, both Williams and Dr. Bearry testified that Williams did receive Darvocet for one week.  After Williams' return visit to UMC and his UMC physician's fax to the Parchman hospital, Dr. Bearry continued Williams on NSAIDs.  The physicians at Parchman were Williams' primary physicians, and the physicians at UMC were consulting doctors.  It remained within the discretion of Dr. Bearry to provide Williams with appropriate post-operative care.  Dr. Bearry provided Williams with narcotic pain medication for a week, as well as other pain medication and anti-inflammatory drugs.  Although Dr. Bearry did not follow the exact regimen ordered by the UMC physicians, Dr. Bearry's actions did not amount to deliberate indifference to the serious medical needs of Williams, within the meaning of the Eighth Amendment.

IV

For the foregoing reasons, we REVERSE the district court's entry of judgment in favor of Williams and REMAND for dismissal of the complaint.

7

REVERSED and REMANDED for entry of judgment of dismissal.