# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-60475
Summary Calendar

STEPHON CHAPMAN

Plaintiff - Appellee

v.

HOWARD JOHNSON, Lieutenant, Leake County Correctional Jail, in his
official and individual capacity while acting under the color of state law;
VICKEY PRICE, Nurse, in her official and individual capacity while acting
under the color of state law

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:07-CV-52

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stephon Chapman, Mississippi prisoner # R0539, filed a 42 U.S.C. § 1983
complaint against several defendants, claiming deliberate indifference to his
serious medical needs. In this interlocutory appeal, defendants Howard Johnson
and Vickey Price, officials at the Leake County Correctional Jail, challenge the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

district court's denial of their motion for summary judgment on grounds of qualified immunity.

This court "[is] required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007) (internal quotation marks, citation, and alteration omitted). "[A] defendant challenging the denial of a motion for summary judgment on the basis of qualified immunity must be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal." *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007) (internal quotation marks and citation omitted). Once this court has narrowed the interlocutory appeal solely to issues of law, the court reviews the district court's resolution of these issues de novo. *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008); *Freeman*, 483 F.3d at 410.

To determine whether a government official is entitled to qualified immunity for an alleged constitutional violation, this court conducts the two-step analysis of *Saucier v. Katz*, 533 U.S. 194 (2001), overruled in part by *Pearson v. Callahan*, 129 S. Ct. 808 (2009) (holding that the two-step inquiry can occur in any order). The two steps are: whether the defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known, *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006); and "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman*, 483 F.3d at 410-11.

The Eighth Amendment prohibits punishment that is unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain and states a cause of action under 42 U.S.C. § 1983. *Id*. Deliberate indifference is a legal conclusion which must rest on facts evincing wanton action on the part of the defendant. *Walker v. Butler*, 967 F.2d

176, 178 (5th Cir. 1992); *see also Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that inmates face a substantial risk of serious harm and disregards that risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A prison official's knowledge of a substantial risk of serious harm may be inferred if the risk is obvious. *Id.* at 842-43.

Johnson and Price argue that they are entitled to qualified immunity because they rendered medical assistance to Chapman and thus were not deliberately indifferent to his serious medical needs. They also contend that their actions were not objectively unreasonable under clearly established federal law.

Chapman's allegations in his verified complaint may serve as competent summary judgment evidence. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The uncontested summary judgment evidence shows that Johnson was aware that Chapman had suffered an injury and that Chapman's ankle was swollen. Johnson contacted Price, a nurse, and was instructed to provide Chapman with Ibuprofen and ice. However, the summary judgment evidence is in disagreement as to whether Johnson provided the pain relieving medication as instructed. In this situation, we must view the facts and draw reasonable inferences in the light most favorable to Chapman. *See Scott*, 127 S. Ct. at 1774. Under the view of the facts most favorable to Chapman, Johnson was aware that Chapman had a serious injury and was instructed to provide pain relief medication, but did not do so. Under clearly established law at the time, this could demonstrate an Eighth Amendment violation. *See Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006); *Domino*, 239 F.3d at 756 (finding that a prison inmate could demonstrate an Eighth Amendment violation by showing that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."). Accordingly, Johnson has

not shown an entitlement to qualified immunity.

Nurse Price saw Chapman the day after the injury and supplied a pain reliever and medical advice. She called a doctor and arranged for Chapman's transportation to another institution for evaluation because Chapman may have had a fracture. However, under the view of the summary judgment evidence most favorable to Chapman, upon his return to the Leake County Correctional Jail on July 6, 2008, Price advised Chapman that any needed medication would come from the other institution, and Chapman's daily requests for medical attention to deal with the pain and swelling in his foot were unheeded. Price has not demonstrated an entitlement to qualified immunity under these facts. *See Easter*, 467 F.3d at 464-65; *Domino*, 239 F.3d at 756.

AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.