# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2009

Charles R. Fulbruge III
Clerk

No. 09-40223
Summary Calendar

DON WAYNE COOPER,

Plaintiff - Appellant

v.

GARY JOHNSON; DOUGLAS DRETKE; RICHARD TRINCI; MICHAEL J
MEGNA; CHUKWUMA ANADUAKA, Doctor; JUDY NORRIS, The Director
of Quality Services/Risk Management, UTMB-CMCH,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-cv-00553

Before KING, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Don Wayne Cooper ("Cooper"), a federal prisoner proceeding *pro se*,

appeals the district court's grant of summary judgment to defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Chukwuma Anaduaka ("Anaduaka") and Judy Norris ("Norris") on his 42 U.S.C. § 1983 claims.  We AFFIRM.

## I. BACKGROUND

Cooper is incarcerated at the Wayne Scott Unit within the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ"). During the relevant time period, Anaduaka was a Practice Manager for the University of Texas Medical Branch-Correctional Managed Health Care ("UTMB-CMHC").  In this non-physician role, he met with inmates regarding their UTMB-CMHC medical procedures and supervised support staff to determine whether the UTMB-CMHC polices were being followed.  Norris was the Director of Utilization Management for UTMB-CMHC, where she reviewed inmate requests for specialty medical services.

In 1997, while Cooper was serving his sentence, his left ear was operated on twice to remove polyps.  After his surgery, Cooper was diagnosed with tinnitus in his left ear but his right ear was still functional.  He was released on parole in 1999.  While on parole, a private physician fitted him with a hearing aid to alleviate the loud ringing caused by the tinnitus.

In December 2001, Cooper was imprisoned for parole violations.  In late 2002, his hearing aid broke and could not be repaired.  Cooper then had a third surgery on his left ear in January 2003 to repair a hole in his eardrum.  After the third surgery he developed several infections in his left ear during 2003.  As Director of Utilization Management, Norris reviewed Cooper's medical complaints and referred them for the required specialized treatment and surgery.

Cooper requested a hearing aid to relieve the tinnitus in his left ear.  In July 2003, an audiology exam performed on Cooper showed that he did not meet

the criteria for a hearing aid because his hearing was still functional in both ears. Pursuant to TDCJ policy, Cooper filed grievances regarding the decision not to issue a hearing aid. The grievances were dismissed, in part because Cooper's hearing was functional and he had received medical treatment addressing his numerous ear infections. Cooper also filed an informal request with Anaduaka, pursuant to TDCJ policy, to discuss his request for a hearing aid and for cosmetic surgery on his left ear. Anaduaka does not recall meeting with Cooper. Cooper avers, however, that Anaduaka informed him that he was not eligible for the hearing aid because he did not meet the TDCJ criteria.

In September 2004, Cooper filed suit pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages, reconstructive surgery, and a hearing aid. Cooper alleges that Defendants were deliberately indifferent to his serious medical needs when they refused to give him a hearing aid to relieve the tinnitus in his left ear, in violation of the Eighth Amendment. He contends that he was denied a hearing aid because TDCJ policy requires impaired hearing in both ears. He further alleges that the denial of a hearing aid was solely a financial decision and constitutes deliberate indifference to his serious medical needs.

On November 21, 2006, the district court dismissed the case as frivolous. Cooper timely appealed.[1] We affirmed the district court in part, but remanded the non-frivolous issue regarding "whether the provision of a hearing aid is a serious medical need and whether the respondents were deliberately indifferent to this need." *Cooper v. Johnson*, 255 F. App'x 891, 892 (5th Cir. 2007) (per curiam). On remand, Anaduaka and Norris were ordered to file an answer; the

---

[1] In September 2007, after the appeal was docketed but before we rendered decision, a second audiology exam performed on Cooper showed that, while his hearing had worsened slightly since the 2003 audiology exam, he still did not qualify for the TDCJ Hearing Aid Program.

remaining defendants were dismissed. In their answer, Anaduaka and Norris pleaded qualified immunity and Eleventh Amendment immunity as affirmative defenses. The district court ordered defendants to file a dispositive motion on the issue of immunity. Anaduaka and Norris then filed a motion for summary judgment. The district court granted the motion on February 3, 2009. Cooper appeals this ruling.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). We "view the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Riverwood*, 420 F.3d at 382 (citation omitted).

Section 1983 permits a private right of action for violations of federal law by those acting under the color of state law. 42 U.S.C. § 1983. Deliberate indifference to prisoners' serious medical needs violates the Eighth Amendment prohibition against cruel and unusual punishment and states a claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999). To show the constitutional injury alleged here, Cooper must show, at a minimum, that Anaduaka and Norris exhibited deliberate

indifference to his serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

A prison official is not liable for the denial of medical treatment to a prisoner under the deliberate indifference standard unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A defendant's conduct must rise "to the level of egregious conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Cooper must raise a fact issue as to whether prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). An inmate's disagreement with medical treatment does not evince deliberate indifference to his serious medical needs. *See Gobert*, 463 F.3d at 346.

In this case, the evidence demonstrates that neither Anaduaka nor Norris were deliberately indifferent to Cooper's serious medical needs. After he was incarcerated in 2001, Cooper received numerous treatments for ear infections and other ailments related to his left ear. Norris, as Director of Utilization Management, reviewed and approved Cooper's requests for specialized ear, nose, and throat services and referred him for the treatments. The 2003 audiological examination revealed that Cooper's hearing was still functional in both ears despite the tinnitus; therefore, he was not eligible for a hearing aid. Particularly in light of the test results, the evidence fails to demonstrate that Norris exhibited wanton disregard of Cooper's needs. *Cf. Taylor v. Turner*, 884

F.2d 1088, 1090 (8th Cir. 1989) (no deliberate indifference where prisoner received audiological evaluation for hearing impairment and was denied hearing aid). Moreover, Cooper wrote to Anaduaka as part of the grievance process regarding the denial of aid. As Practice Manager, Anaduaka had no authority to diagnose Cooper's medical condition or to determine whether Cooper could receive a hearing aid. Instead, his role was to review the medical record and explain application of UTMB-CMHC's policies to inmates. The record reflects that he fulfilled this duty. As with Norris, the evidence fails to demonstrate that Anaduaka exhibited wanton disregard of Cooper's needs.

## III. CONCLUSION

For all the foregoing reasons, we affirm the district court.