# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2011

No. 10-40346
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS CRIOLLO,

Plaintiff-Appellant

v.

PAULETTE F. MILTON; PAM MOORE-PACE; GUY SMITH; NURSE JANE DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-264

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Carlos Criollo, Texas prisoner # 412608, appeals the dismissal of his pro se and in forma pauperis (IFP) civil rights complaint wherein he asserted that his constitutional rights were violated after he sustained an injury to his right hand. Criollo argues that the district court erred by dismissing the complaint as frivolous under 28 U.S.C. § 1915A(b)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40346

Section 1915A(b)(1) provides for dismissal of a prisoner's civil rights complaint if it is " frivolous, malicious, or fails to state a claim upon which relief may be granted." We review the dismissal of a complaint under § 1915A(b)(1) de novo and we accept Criollo's allegations as true. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).

The central inquiry in any Eighth Amendment claim is whether the defendant acted with deliberate indifference to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a legal conclusion which must rest on facts evincing wanton action on the part of the defendant. *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992); *see also Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (conduct must clearly evince wanton disregard).

In the context of medical treatment, an inadvertent failure to provide adequate medical care does not constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). However, deliberate indifference may be manifested where there has been a denial or delay in access to medical care or an intentional interference with treatment already prescribed. *Id.* at 104-05. In *Easter v. Powell*, 467 F.3d 459, 463-65 (5th Cir. 2006), we found that the prisoner stated an Eighth Amendment claim where he alleged that the defendant refused to follow a prescribed course of treatment even though the defendant was aware that the prisoner had a medical condition which posed a substantial risk to his health. Similarly, in *Chapman v. Johnson*, 339 F. App'x 446, 448 (5th Cir. 2009), we determined that the prisoner stated an Eighth Amendment claim where he alleged that the defendant was aware of his ankle injury and failed to follow instructions to provide him with Ibuprofen and ice.

Criollo argues that Nurse Milton determined on her own to deny him the medical treatment that already had been prescribed him and that such is not negligence, but rather, deliberate indifference. In rejecting this claim, the

2

district court determined that Milton had simply overlooked his need for the prescribed treatment due to a computer error. However, at the *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) hearing, Criollo testified that he presented Milton with a medical pass outlining his prescribed treatment and that Milton was in possession of the pass for approximately four hours before she had him removed from the infirmary. Accepting this testimony as true, Criollo alleged sufficient facts to support his claim that Milton denied him treatment for a serious medical need. *See Easter*, 467 F.3d at 463-65; *see also Chapman*, 339 F. App'x at 448. Accordingly, the district court's dismissal of the complaint against Milton is vacated and the case remanded for further proceedings.

Criollo argues that Defendants Pace and Smith, the signatories on his grievances, also violated his Eighth Amendment rights. This argument lacks merit, however, because Criollo has not shown how either Pace, as practice manager, or Smith, as program administrator, had any role in his medical treatment. *See Rios v. City of Del Rio, Texas*, 444 F.3d 417, 425 (5th Cir. 2006); *see also Cooper v. Johnson*, 353 F. App'x 965, 968 (5th Cir. 2009) (noting the limited role of grievance respondents). Criollo's argument that the Pace and Smith violated his constitutional rights by concealing evidence in their responses to his grievances also lacks merit because Criollo does not have a liberty interest in having his prison administrative complaints resolved in any particular manner. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

Because Criollo has shown no error in the district court's dismissal of his claims against Pace and Smith, those claims are affirmed. Criollo makes no argument on appeal challenging the dismissal of Jane Doe. Accordingly, his claims against Doe are deemed abandoned. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). Criollo also makes several miscellaneous arguments attacking the methods and analysis of the magistrate judge; however, we find none of those arguments to have any merit.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.