# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2014

Lyle W. Cayce
Clerk

No. 13-10356
Summary Calendar

JERALD JEROME DORSEY,

Plaintiff-Appellant

v.

THOMAS RELF, Correctional Officer; JORDAN BOONE, Correctional Officer;
UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-21

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jerald Jerome Dorsey, federal prisoner # 58306-019, appeals the district court's grant of defendants' summary judgment motion on his civil rights claims, brought pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the dismissal of his negligent training claim brought under the Federal Tort Claims Act (FTCA). Dorsey specifically

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleges that the district court erred in determining that Thomas Relf and Jordan Boone did not act with deliberate indifference when they failed to transport him to medical after he fell out of his wheelchair, that the court erred by sua sponte granting summary judgment on his negligence claims, and that the court erred by determining that his claim for negligent training was barred by the discretionary function exception in the FTCA.  Dorsey had not briefed any additional claims; thus, he has abandoned, by failing to brief, any argument relative to the district court's dismissal of the remaining claims raised in his complaint.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir.1993); FED. R. APP. P. 28(a)(6).

First, Dorsey, a paraplegic confined to a wheelchair, argues that Relf and Boone acted with deliberate indifference because they did not transport him to medical after they discovered that he had fallen out of his wheelchair; Dorsey alleges that he informed Relf and Boone that he was in pain and that he thought that his leg was broken.  This court reviews the grant of a motion for summary judgment de novo.  *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

Dorsey has not carried his burden of showing that Relf and Boone's conduct was "reckless--without regard to the rights of others," "causeless[], without restraint, and in reckless disregard of the rights of others."  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (quoting *Smith v. Wade*, 461 U.S. 30, 39 n.8 (1983), internal quotation marks omitted).  It is undisputed that Dorsey fell out of his wheelchair during "count," in which prison officials perform a count of each prisoner.  According to Bureau of Prisons (BOP) policy, count is not to be interrupted, and prisoners are not to be moved during count, absent an emergency, which includes a severe medical condition that warrants timely medical attention.  It is likewise undisputed that Relf and Boone

inspected Dorsey's leg and discovered no swelling, blood, or protruding bone; Dorsey's medical treatment was delayed, at most, by an hour and fifteen minutes. Based on the lack of evidence establishing that Relf and Boone knew that Dorsey's leg was broken, the absence of obvious signs showing that his leg was broken, the fact that the incident occurred during count, and the length of the delay, Dorsey has failed to show that the district court erred in determining that Relf and Boone did not act with deliberate indifference. *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992).

Second, Dorsey's argument that the district court erred in sua sponte granting defendants' motion for summary judgment on his negligence claims is belied by the record; he argues that he did not have an opportunity to provide evidence and argument supporting his negligence claims. Although Dorsey alleges that defendants did not move for summary judgment on these claims, the record reflects otherwise. *See John Deere Co. v. Am. Nat'l Bank*, 809 F.2d 1190, 1192 (5th Cir. 1987).

Third, Dorsey has not established that the district court erred by determining that his negligent training claim was barred by the discretionary function exception to the FTCA. The FTCA provides a limited waiver of sovereign immunity from suit for claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the discretionary function exception, the waiver of immunity does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be

No. 13-10356

abused." 28 U.S.C. § 2680(a); *see Guile v. United States*, 422 F.3d 221, 229 (5th Cir. 2005). BOP policy regarding count provides that if a medical issue arises during count, correctional officers are required to assess the situation and determine whether the medical condition is sufficiently severe to justify the interruption of count. Because Relf and Boone exercised their judgment and discretion when deciding not to interrupt count by transporting Dorsey to medical, he has not shown that the district court erred in determining that the challenged act involved "an element of judgment or choice" and that Relf's and Boone's judgment was of "the kind that the discretionary function exception was designed to shield." *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991).

AFFIRMED.