# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 20-40586

Jimmie Mark Parrott, Jr.,

*Plaintiff—Appellant*,

*versus*

Michael Sizemore,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-214

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Jimmie Mark Parrott, Jr., an inmate in Texas proceeding pro se, sued various officials in the Texas Department of Criminal Justice, alleging violations of his rights under the Eighth and Fourteenth Amendments by refusing to provide necessary medical care. The district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40586

court, on a magistrate judge's recommendation, dismissed Parrott's federal claims with prejudice for failure to state a claim. We AFFIRM.

I.

Parrott sued Defendant-Appellee Michael Sizemore, a practice manager with the University of Texas Medical Branch (UTMB), and various doctors and Texas prison officials. Only Parrott's claims against Sizemore are presented in this appeal. UTMB is a state agency that provides medical care through Correctional Managed Care to inmates at the Powledge Unit, where Parrott was housed at the times relevant to this suit. Parrott alleges that between August 8, 2018, and February 16, 2019, Sizemore knew that Parrott required immediate medical attention for back injuries, but Sizemore deliberately denied Parrott medical treatment, resulting in permanent nerve damage. Parrott says that Sizemore, as UTMB practice manager, was responsible for coordinating medical care for prisoners. Parrott also alleges that a prison nurse told him that Sizemore had instructed the nurses not to schedule appointments for Parrott, in a scheme to have him relocated from the Powledge Unit. Challenging the withholding of medical care, Parrott filed several grievances, which Sizemore summarily denied without taking any steps to ameliorate Parrott's poor health. In one grievance, Parrott said that he had an appointment in November 2018 to be seen by an orthopedic specialist, but after a painful, three-day van ride, he was told that his appointment had been rescheduled because he was late. In addition to his federal constitutional claims, Parrott asserts various state law claims against Sizemore, such as fraud and negligence.

Sizemore moved to dismiss. He first asserted immunity under the Eleventh Amendment, though Parrott would later clarify that he sued Sizemore in his individual capacity. Sizemore argued, in the alternative under

No. 20-40586

rule 12(b)(6), that Parrott failed to establish that Sizemore violated Parrott's rights under the Eighth and Fourteenth Amendments.

A magistrate judge recommended that Parrott's claims against Sizemore be dismissed with prejudice under rule 12(b)(6). The magistrate judge opined that Parrott had not "suffered deliberate indifference with regard to the medical treatment he received." The magistrate judge rejected as hearsay Parrott's reliance on the statement by the nurse that Sizemore ordered staff to refuse to schedule appointments for Parrott. The magistrate judge cited caselaw suggesting that practice managers are neither medical providers nor supervisors of medical providers, and the magistrate judge also concluded that, even if Sizemore is a supervisor, he was not a policymaker or a moving force behind Parrott's injuries. Over Parrott's objections, the district court adopted the magistrate judge's recommendations and dismissed Parrott's federal claims against Sizemore with prejudice. Parrott timely appealed, and the district court granted him leave to proceed in forma pauperis.

## II.

Parrott pursues this litigation pro se. We therefore liberally construe his filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Parrott contends that Sizemore is a medical provider, and Sizemore's repeated disregard for Parrott's medical needs amounts to deliberate indifference in violation of the Eighth Amendment. Parrott also disputes the district court's rejection of the nurse's statement as hearsay because the medical staff in fact refused to schedule medical appointments for him. Finally, Parrott contends that because he established the district court's jurisdiction over his federal constitutional claims, the district court also erred in declining to exercise supplemental jurisdiction over Parrott's state claims.

We review de novo the district court's dismissal under rule 12(b)(6). *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008). To survive a rule 12(b)(6) motion to dismiss, Parrott must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We accept as true all well-pled factual allegations in the complaint but we do "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments." *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

The district court correctly concluded that Parrott's allegations do not rise to the level of deliberate indifference. Parrott alleges that from August 8, 2018, to February 16, 2019, Sizemore "was aware that [Parrott was] in need of immediate medical attention by a licensed orthopedic specialist for back injuries" but "denied [him] medical treatment." However, Parrott's pleadings, which relate the medical care he received, contradict his allegation that Sizemore did nothing to ensure he received medical treatment. Specifically, Parrott states that he: was prescribed and provided various pain medications; was ordered to restrict his movement; and was scheduled, three separate times, for appointments with an orthospine clinic in Galveston and that he saw an orthopedic resident there. Although Parrott missed two of these appointments because he was not timely transported, Parrott does not allege that Sizemore had anything to do with the transport drivers being late. In fact, Parrott stated in his complaint that another defendant named Dennis Crowley was responsible for transporting prisoners to and from outside medical appointments. While Parrott complains that this treatment was ineffective, dissatisfaction with a treatment plan does not amount to deliberate indifference. *See Norton v.*

*Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The Supreme Court has indicated that deliberate indifference, in this context, requires Parrott to allege that Sizemore "refused to treat him, ignored his complaints, [or] intentionally treated him incorrectly." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). None of Parrott's allegations, which describe negligence rather than malice, meet this "extremely high" standard. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Parrott also alleges that on February 6, 2019, he filed a nursing sick call about being denied medical appointments. Nurse Huffmeyer then told him that Sizemore had instructed all of the nurses to deny him provider appointments because Sizemore wanted Parrott transferred out of the Powledge Unit. Parrott filed a grievance that same day, but Sizemore denied it. On February 16, 2019, Parrott was reassigned to the Stiles Unit in Beaumont. The magistrate judge rejected this claim as hearsay. The magistrate judge erred in concluding that he could not consider, on a rule 12(b)(6) motion, statements that might be hearsay. We have never held that hearsay justifies dismissal at the rule 12(b)(6) stage, where plaintiffs need only plead plausible facts, not support those allegations with admissible evidence. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). But the magistrate judge nonetheless correctly noted that Parrott has not plausibly alleged that Sizemore had authority to direct the nursing staff's healthcare decisions, and Parrott also does not allege that any treatment was withheld because of the alleged statement. *See Criollo v. Milton*, 414 F. App'x 719, 721 (5th Cir. 2011) (affirming in part dismissal of a prisoner's Eighth Amendment claim against a practice manager because the prisoner had "not shown how [the] practice manager . . . had any role in his medical treatment"). Thus, even if Sizemore had any supervisory authority over the nursing staff, Parrott has not shown Sizemore's personal involvement in any constitutional violation, a requirement for supervisory

liability under § 1983. *Cf. Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) ("[A] plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation." (internal quotation marks and citation omitted)).

Parrott also complains that Sizemore summarily denied his grievances. But a prisoner has no federally protected liberty interests in having grievances resolved to his or her satisfaction. *Gbeiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The district court therefore did not err in rejecting Parrott's grievance-based claims.

Finally, because the district court correctly concluded that Parrott has not stated a plausible federal claim, the district court did not err in declining to exercise supplemental jurisdiction over Parrott's state law claims. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (noting district courts' discretion to "decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"). Thus, the district court acted within its discretion in dismissing Parrott's state law claims without prejudice.

AFFIRMED.