645 So.2d 1162 (1994)
Clifton STRAHAN d/b/a Cliff Strahan Realty
v.
STATE of Louisiana, Through the DEPARTMENT OF AGRICULTURE AND FORESTRY, Service Merchandise Company, Inc., New South Investments, Inc., Roshto Real Estate Company, Inc., and James A. Rockhold[1].
No. 93 CA 0374.
Court of Appeal of Louisiana, First Circuit.
August 25, 1994.
Rehearing Denied December 8, 1994.
Writ Denied February 17, 1995.
*1163 John Dale Powers, Michael A. Betts, Powers, Vaughn, Clegg, Guerry & Willard, Baton Rouge, for appellant, Clifton Strahan.
C. James Gelpi, Sheri Marcus, Gelpi and Associates, New Orleans, for appellee, Dept. of Agriculture and Forestry.
G. Allen Walsh, George Bevan, Baton Rouge, for appellee, New South Investments, Inc., and Roshto Real Estate Co.
Chapman Sanford, Baton Rouge, for appellee, James A. Rockhold.
Thomas Schwab, New Orleans, for appellee, Service Merchandise Co., Inc.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
This case is before us on appeal by plaintiff from a judgment of the trial court, granting summary judgment in favor of the State of Louisiana, through the Department of Agriculture and Forestry.

PROCEDURAL HISTORY
Plaintiff, Clifton Strahan, d/b/a Cliff Strahan Realty ("Strahan"), filed suit against the State, through the Department of Agriculture and Forestry ("the Department"); Service Merchandise Company, Inc. ("Service Merchandise"); New South Investments, Inc. ("New South"); Roshto Real Estate Company, Inc. ("Roshto"); and J.A. Rockhold, alleging that plaintiff was the procuring cause of the sale of a building owned by Service Merchandise and sold to the Department, for which plaintiff was wrongfully deprived of a realtor's commission of $240,000.00.
The Department filed a peremptory exception raising the objection of no cause of action. The trial court maintained the exception and granted plaintiff ten days to amend his petition to state a cause of action against the Department under the Louisiana Unfair Trade Practices and Consumer Protection Law ("the UTPA"), La.R.S. 51:1401 et seq. (The issue of procuring cause and the trial judge's decision on that issue has not been appealed and is thus not before us.)
Through first and second supplemental and amending petitions, plaintiff alleged certain facts which he averred set forth a cause of action under the UTPA against the Department for unfair methods of competition and unfair trade practices in attempting to avoid paying plaintiff the real estate commission plaintiff claimed was due.
The Department filed another peremptory exception, again raising the objection of no cause of action, on the basis that the newly added paragraphs supplementing plaintiff's petition also failed to state a cause of action against the Department. The trial court denied the exception, and by "Judgment on Joint Motion for Clarification of Judgment," the trial court ruled as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Judgment of this Court rendered on January 11, 1991 and signed on the 29th day of January, 1991 be and the same is hereby clarified so that its meaning shall be that in denying the peremptory exceptions of no cause of action filed by the defendant, Louisiana Department of Agriculture and Forestry, this court has determined that plaintiff, Clifford Strahan, has stated a cause of action under the Louisiana Unfair Trade Practices and Consumer Protection Law.
Thereafter, the Department filed a motion for summary judgment, arguing that: plaintiff's sole surviving cause of action against the Department was founded under the UTPA; plaintiff had no standing under the UTPA; the UTPA was inapplicable to the case at bar; the alleged acts or omissions were not unfair or deceptive; plaintiff had *1164 not suffered an ascertainable loss; and the Department was not obligated for discretionary or unauthorized acts of its employees.
The trial court granted the Department's motion for summary judgment and rendered written reasons for judgment, stating:
At the outset[,] it should be noted that this case has been argued and briefed before this Court on nine (9) separate court dates since April 21, 1989. Every opportunity has been given to plaintiff to properly present his case in order for this Court to try this case on its merits.
We agree with the convincing arguments of "the Department" and therefore hereby hold that: 1.) the Department is not legally accountable for the discretionary or unauthorized acts of its employees, 2.) the plaintiff has no standing under the La. Consumer Protection Act and 3.) the La. Consumer Protection Act does not apply to the case of plaintiff.
From this judgment, plaintiff appeals.
On appeal, plaintiff contends that the trial court erred:
(1) in concluding that the Department was not liable for the acts of its employees in this matter;
(2) in concluding that the plaintiff had no standing to assert a claim against the Department under the UTPA;
(3) in concluding that the UTPA was inapplicable to plaintiff's case;
(4) in assessing plaintiff with all costs of this proceeding;
(5) in concluding that there was no material issue of fact or law with regard to the claim by plaintiff against the Department; and
(6) in assessing plaintiff with all costs incurred by all defendants in this matter.

ANALYSIS
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d at 385.
The trial court's granting of a summary judgment was based on three separate findings. The trial court found that the UTPA did not apply to Mr. Strahan's case; that Mr. Strahan did not have standing under the UTPA; and that the department could not be held liable because it is not legally accountable for the discretionary or unauthorized acts of its employees; we will address each of these three bases for the granting of the summary judgment in turn.
We first address the issue of whether the UTPA applies to Mr. Strahan's case. The Department argues that the UTPA does not apply because the Department was not a consumer or competitor of Mr. Strahan under the act, and further, that the UTPA does not apply to the Department because the Department was not engaged in "trade or commerce" as defined by the UTPA.
Under the UTPA, La.R.S. 51:1405(A) provides in pertinent part:
Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
*1165 Louisiana Revised Statute 51:1402(9) provides definitions for "trade or commerce" as follows:
"Trade" or "commerce" means the advertising, offering for sale, sale, or distribution of any services or any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state.
The broad language of this statute necessarily requires a case-by-case determination of what constitutes an unfair trade practice. A practice is considered unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers, and consumers include business competitors. Gulf South Business Systems and Consultants, Inc. v. State, 625 So.2d 697, 702 (La. App. 1st Cir.1993); Roustabouts, Inc. v. Hamer, 447 So.2d 543, 548 (La.App. 1st Cir.1984).
Further, the language of this section tracks closely that of the Federal statute, 15 U.S.C. Section 45(a). Because of the variety of possible unfair and deceptive practices, the Federal statute was intentionally broadly written, leaving the determination of individual violations to the Commission and the courts. Our legislature has expressed a similar intention in patterning our law so closely on the Federal statute. Guste v. Demars, 330 So.2d 123, 125 (La.App. 1st Cir.1976); Roustabouts, 447 So.2d at 548.
It is not necessary to determine whether the Department was engaged in trade or commerce as defined by the UTPA because Mr. Strahan's cause of action is found in La.R.S. 51:1409(A), which provides in pertinent part:
Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.
Mr. Strahan is a competitor of Roshto, which he alleges conspired with New South, Service Merchandise, Rockhold and the Department to cause him to suffer an ascertainable loss of money as a result of the use of unfair or deceptive trade practices. Louisiana Civil Code article 2324(A) provides:
He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
If a conspiracy is conceived and executed, and a private injury results, the one so injured has a right of action against all of the conspirators. The action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself. (Emphasis added.) Miller v. Keating, 339 So.2d 40, 43 (La.App. 3rd Cir. 1976), writ granted, 341 So.2d 901 (La.), affirmed and amended, 349 So.2d 265 (La. 1977); Tabb v. Norred, 277 So.2d 223, 227 (La.App. 3rd Cir.), writ denied, 279 So.2d 694 (La.1973); Louisiana v. McIlhenny, 201 La. 78, 9 So.2d 467, 472 (1942); See also Cassidy v. Holliman & Spiers, 13 La.App. 468, 126 So. 733, 735 (La.App. 1st Cir.1930).
When a tort is perpetrated through the instrumentality of a combination or conspiracy, the party wronged or injured may look beyond the actual participants in committing the injury and join with them, as defendants, all who co-operated in, advised, or assisted in the accomplishment of the common design.... Rush v. Town of Farmerville, 156 La. 857, 101 So. 243, 247 (La.1924).
In Roustabouts, Inc. v. Hamer, 447 So.2d 543 (La.App. 1st Cir.1984), plaintiff corporation brought suit against a competitor company, Nobles Construction, Inc., and individual named defendants who were officers, shareholders, directors and employees of the plaintiff corporation who, plaintiff alleged and the trial court found, conspired to engage in acts and practices which resulted in economic injury to the plaintiff corporation in violation of the UTPA. This court in Roustabouts found that the trial court had correctly applied the UTPA to the facts of that case.
In the case sub judice, because Mr. Strahan alleges "a scheme of unfair trade practice by all the defendants, who acted in bad *1166 faith against the plaintiff, as a direct attempt to avoid having to pay plaintiff the real estate commission on the sale of the building," he has alleged a cause of action against all of them under the UTPA. The trial court could not decide the factual issue of conspiracy vel non on a summary judgment. Therefore, we find that the UTPA does apply to Mr. Strahan's case under the facts alleged and we therefore reverse the trial court on that basis for granting the summary judgment.
Further, we find that the trial court erred in determining that Mr. Strahan did not have standing. We have already found that the UTPA applies to this case under the facts alleged. We further find that Mr. Strahan, as a "person who [alleges he] suffers any ascertainable loss of money ... as a result of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action ..." under the UTPA.
Third, with regard to the discretionary function finding, apparently the trial court was ruling on the validity of the immunity defense claimed under La.R.S. 9:2798.1(B). Louisiana Revised Statute 9:2798.1(B) provides:
Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
This defense is only available for such acts which are within the course and scope of the lawful powers and duties of public entities or their officers or employees. The trial court's finding that "the Department is not legally accountable for the discretionary or unauthorized acts of its employees," necessitated a finding that the State's actions were discretionary or unauthorized, or were within the course and scope of their lawful powers and duties, factual findings which are not proper on a motion for summary judgment. On a motion for summary judgment, it is not the function of the trial court to determine or inquire into the merits of the issues raised, and the court may not weigh the conflicting evidence on a material fact. Quigley v. T.L. James & Co., Inc., 595 So.2d 1235, 1237 (La.App. 5th Cir.1992).
Therefore, for the foregoing reasons, we would reverse the trial court on all three of the bases articulated by it for granting the motion for summary judgment.
REVERSED AND RENDERED.
NOTES
[1] We note that in the original petition, the caption read "Clifford Strahan d/b/a Cliff Strahan Realty v. State of Louisiana, Through the Department of Agriculture, Service Merchandise Company, Inc., New South Properties, Inc. and Tommy Roshto & Associates, Inc." However, by amended petition, the plaintiff's name, as well as the defendant's names, were corrected as shown in the caption of this case; James A. Rockhold was also added as a defendant.