# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 07-31154

BROOKSHIRE BROTHERS HOLDING, INC., et al.

Plaintiffs-Appellees

v.

DAYCO PRODUCTS, INC., et al.

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, BENAVIDES, and STEWART, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

The defendants-appellants appeal the district court's remand of this case to Louisiana state court. The plaintiffs–appellees assert that this Court lacks jurisdiction to hear this appeal. We find that we possess jurisdiction over this appeal, REVERSE the ruling of the district court, and REMAND the case for further proceedings.

## I.    Background

This suit stems from the allegedly defective manufacture of flexible thermoplastic pipe ("flexpipe") used to connect underground storage tanks to above-ground dispensers at retail gas stations. Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc., and Brookshire Brothers Ltd.

(together, "Brookshire") brought this suit on August 15, 2003 against the manufacturer of the flexpipe systems and its insurers and the manufacturers of component parts and providers of raw materials used in the flexpipe systems (together, the "flexpipe defendants"), seeking damages stemming from the installation of flexpipe in sixty-five gas stations in Texas and three gas stations in Louisiana that are owned and operated by Brookshire.

On March 3, 2004, Total Containment, Inc. ("TCI"), the manufacturer of the flexpipe systems, filed for Chapter 11 bankruptcy, and on May 26, 2004, Commerce & Industry Insurance Co. ("C&I"), TCI's primary liability insurer, removed the instant suit to the U.S. District Court for the Western District of Louisiana on the basis that it "related to" the bankruptcy of TCI. Brookshire concedes that the case was properly removed and that the district court had jurisdiction over the suit at the time of removal.

The litigation in federal court lasted more than three years, generating more than 1,300 entries in the district court docket. The district court decided forty-one dispositive motions, fourteen Daubert motions, and seven other motions in limine. Discovery had closed and the parties were making final preparations for trial. Trial was originally set for October 17, 2005, but was continued four times. The most recent trial setting was February 11, 2008.

On July 17, 2007, Brookshire, TCI, and C&I filed a joint stipulation of dismissal, dismissing Brookshire's claims against TCI and C&I due to a settlement agreement, and on November 2, 2007, Brookshire moved to remand this suit to Louisiana state court. On November 27, 2007, the court granted Brookshire's motion to remand.

Brookshire argues that 28 U.S.C. § 1447(d) deprives this Court of jurisdiction to hear this appeal because the district court's order remanding this suit to Louisiana state court can be colorably characterized as being based on lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). Alternatively,

Brookshire argues that even if the order of remand was based on the district court's refusal to retain supplemental jurisdiction under 28 U.S.C. § 1367(c), appellate review is still barred by 28 U.S.C. § 1447(d). In the event that this Court finds that it does possess jurisdiction over this appeal, Brookshire asserts that the district court's refusal to exercise pendant jurisdiction was not an abuse of discretion. The remaining flexpipe defendants assert that this circuit's precedent is clear that this Court possesses jurisdiction over this appeal and that the district court abused its discretion in declining to exercise supplemental jurisdiction.

II.    Jurisdiction to Review the Order of Remand

Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), but the Supreme Court has held that this prohibition applies only when an order of remand is based on one of the grounds specified in section 1447(c): lack of subject matter jurisdiction or a defect in removal procedure, see Schexnayder v. Entergy La., Inc., 394 F.3d 280, 283 (5th Cir. 2004) (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711–12 (1996)). This Court has held that a clear and affirmative use of Section 1367(c) discretion to remand and not exercise supplemental jurisdiction does not involve either of the grounds specified in section 1447(c), and therefore is reviewable on appeal for an abuse of discretion. Regan v. Starcraft Marine, LLC, 524 F.3d 627, 631 (5th Cir. 2008) (citing Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994)).[1] Most of our sister circuits have similarly found that a remand order based on declining supplemental jurisdiction is not within the class of remands described in section

---

[1] See also Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 339 (5th Cir. 1999) ("We review a discretionary remand of supplemental state law claims for abuse of discretion."); Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir. 1994) ("[I]f the court provides a reason unrelated to § 1447(c), such as pendent jurisdiction, then we may properly review that order.").

1447(c) and is thus not subject to the jurisdictional bar of section 1447(d). See, e.g., Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 223–24 (3d Cir. 1995) (citing precedents in the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits). In support of that proposition, this and other circuits have cited the Supreme Court's statement in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 355 n.11 (1988), that "[Section] 1447(c) . . . do[es] not apply to cases over which a federal court has pendent jurisdiction. Thus, the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction overlap not at all." See Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir. 1994) (citing Cohill, 484 U.S. at 355 n.11); McCandless, 50 F.3d at 223–24 (same).

The Supreme Court recently cast some doubt on the proposition that a remand order based on declining supplemental jurisdiction under section 1367(c) does not fall within the class of remands described in section 1447(c), stating in Powerex Corp. v. Reliant Energy Services, 127 S. Ct. 2411 (2007), that "[i]t is far from clear . . . that when discretionary supplemental jurisdiction is declined the remand is not based on lack of subject-matter jurisdiction for purposes of § 1447(c) and § 1447(d)," and that the Court had "never passed on whether [such] remands are subject-matter jurisdictional for purposes of post-1988 versions of § 1447(c) and § 1447(d)." Id. at 2418–19 & n.4 (citations omitted); see also Regan, 524 F.3d at 631 (noting the Supreme Court's recent comments but declining to address the issue). Brookshire points out that one circuit that had not addressed the issue prior to Powerex has cited that decision in support of the proposition that remand orders based on declining supplemental jurisdiction under section 1367(c) fall within the class of remands described in section 1447(c), specifically remands for lack of subject matter jurisdiction. In HIF Bio, Inc. v. Yung Shin Pharmaceuticals Industrial Co., 508 F.3d 659 (Fed Cir. 2007), the Federal Circuit found that "[b]y . . . undercutting the persuasive force of the

decisions of the other Courts of Appeals relying on Cohill, Powerex appears to reopen the question of whether § 1367(c) remands are barred from review under §§ 1447(c) and (d)." Id. at 666. The court went on to hold that "because every § 1367(c) remand necessarily involves a predicate finding that the claims at issue lack an independent basis of subject matter jurisdiction, a remand based on declining supplemental jurisdiction can be colorably characterized as a remand based on lack of subject matter jurisdiction. Accordingly, a remand based on declining supplemental jurisdiction must be considered within the class of remands described in § 1447(c) and thus barred from appellate review by § 1447(d)." Id. at 667.[2]

Although the Supreme Court has indicated that it considers it an open question whether a discretionary remand under section 1367(c) is based on a

---

[2] The Third Circuit has succinctly explained why remands authorized by section 1367(c) and section 1447(c) are treated differently for the purposes of appellate review:

> Although the sharp distinction between remands authorized by § 1367(c) and remands authorized by § 1447(c) is often misunderstood, the reason behind their different treatment is clear. Review of § 1447(c) remands is barred to keep parties to state actions from making dubious allegations of federal jurisdiction in order to forestall the prompt resolution of state cases. Thus, § 1447(c) remands are warranted only when a federal court has no rightful authority to adjudicate a state case that has been removed from state court. In such cases, the statute provides a quick, permanent, and mandatory remedy to return a state case to state court.
>
> In contrast, § 1367(c) serves no such corrective purpose. Remands authorized by § 1367(c) may be entered only when federal subject matter jurisdiction has been affirmatively established, via 28 U.S.C. § 1367(a), and are entered independently of whether the case originated in state or federal court. Thus, a district court's decision to remand pursuant to § 1367(c) does not imply that the case was improperly filed in federal court. Rather, it reflects the court's judgment, reviewable on appeal for abuse of discretion, that at the present stage of litigation it would be best for supplemental jurisdiction to be declined so that state issues may be adjudicated by a state court. In such circumstances, there is no pressing need to block the mechanisms of review that are generally afforded civil litigants.
>
> Thus, the bar to review codified at § 1447(d) is entirely inapplicable when the basis of the remand was the district court's discretion pursuant to § 1367(c).

Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157–58 (3d Cir. 1998) (citations omitted).

lack of subject matter jurisdiction, and is thus unappealable under section 1447(d), it is not an open question in this circuit. Powerex made clear that Cohill did not, as some courts seem to have found, settle the question, but it does not overrule or directly undermine the line of cases in this circuit holding that discretionary remands pursuant to section 1367(c) are appealable. See Cal. Dept. of Water Res. v. Powerex Corp., 533 F.3d 1087, 1091–92 (9th Cir. 2008) (discussing HIF Bio and stating that "[t]he Federal Circuit's disagreement does not give a three-judge panel in this circuit license to overrule the binding, authoritative decision of a prior three-judge panel," and that "[s]imilarly, that the question remains unanswered by the Supreme Court does not relax our obligation to abide by stare decisis"). The Supreme Court in Powerex simply confirmed the rule in this circuit that "when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)," 127 S. Ct. at 2417, and held that a reviewing court should find that an order of remand was based on lack of subject matter jurisdiction if the district court "colorably characterized" it as such, a standard that is consistent with this Court's rule that a district court must clearly and affirmatively invoke non-section 1447(c) grounds in order to avoid the bar imposed by section 1447(d), id. at 2418; see also Smith v. Tex. Children's Hosp., 172 F.3d 923, 926 (5th Cir. 1999) (citation and quotations omitted) ("[W]e will only review remand orders if the district court affirmatively states a non-1447(c) ground for remand.").

In this case, the district court's order of remand was clearly based on 28 U.S.C. § 1367(c). The district court summarized Brookshire's argument that remand was required under 28 U.S.C. § 1447(c) in the first paragraph of the order, but the court then went on to analyze the remand issue under the discretionary standard set out in 28 U.S.C. § 1367(c), finding that "[w]hile it is certainly within our discretion to retain this case for further proceedings, after

examining the factors enumerated in § 1367(c), the Court finds that the suit before us contains only issues of State law, and in the interest of comity, these State law issues would be more properly decided by a State forum."[3]  The order of remand cannot be "colorably characterized" as being based on lack of subject matter jurisdiction under section 1447(c).  Cf Powerex, 127 S. Ct. at 2418–19

---

[3] The order of remand stated in relevant part:

Before the Court is a "Motion and Order to Remand" (doc. #1254) filed by Brookshire Brothers, wherein the mover seeks to remand the instant case to state court because the Court lost subject matter jurisdiction when Total Containment Inc. and its insurers were dismissed, either voluntarily or involuntarily.  Brookshire Brothers maintains that an event post-removal can destroy subject matter jurisdiction and require remand under 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1367(c), this Court has discretion as to whether to keep the current pending claims or remand to State court.  28 U.S.C. § 1367(c) provides the following pertinent language:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court has considered these factors and concludes that each factor militates in favor of remand.  There is no doubt that this products liability case involves complex issues of State law, nor is there any doubt that the only reason this case was removed to federal court was because it was related to a bankruptcy proceeding which is no longer relevant to the instant case.  While it is certainly within our discretion to retain this case for further proceedings, after examining the factors enumerated in § 1367(c), the Court finds that the suit before us contains only issues of State law, and in the interest of comity, these State law issues would be more properly decided by a State forum.  Accordingly,

IT IS ORDERED that the motion and order to remand is hereby GRANTED.  The cause is remanded to the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

(finding that there was no reason to believe that the district court's remand was actually based on section 1367(c) because the court never mentioned the possibility of supplemental jurisdiction, there was no indication that the parties ever even argued to the district court that supplemental jurisdiction was a basis for retaining the case, and the court explicitly relied upon lack of subject-matter jurisdiction in its order of remand).  Because the order of remand was a discretionary remand pursuant to section 1367(c), that order is reviewable on appeal for abuse of discretion.  See Regan, 524 F.3d at 631.

III.  Whether the District Court Abused its Discretion in Remanding the Suit

In assessing whether a district court abused its discretion by declining supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, this Court is guided by the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008) (citations omitted). Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive, and this Court must review the district court's decision in light of the specific circumstances of the case at bar.  See Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

Our case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation analogous to that invested by the district court in this case, that court has abused its discretion under 28 U.S.C. § 1367. See Batiste, 179 F.3d at 227–28 (holding that the district court abused its discretion in declining to exercise supplemental jurisdiction over remaining state-law claims due to the absence of any difficult state-law issue in the remaining claims and the district court's intimate familiarity with the claims as a result of the fact that the case had been pending in the district court for almost three years, produced more than sixteen volumes of record, resulted in numerous depositions and discovery disputes, and required significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment); Newport Ltd. v. Sears, Roebuck and Co., 941 F.2d 302, 308 (5th Cir. 1991) (holding that the district court abused its discretion in remanding state law claims because those claims presented no novel or especially unusual questions and the litigation in federal court had proceeded for four years and produced twenty-three volumes and thousands of pages of record, resulted in the preparation of a pretrial order exceeding two-hundred pages, over a hundred depositions, and nearly two-hundred-thousand pages of discovery production); see also Mendoza, 532 F.3d at 346–47 (finding that district court did not abuse its discretion in retaining jurisdiction over state law claims after it had dismissed all claims over which it had original jurisdiction because the state law issues were neither novel nor complex; by the time the district court ruled on the motion to decline supplemental jurisdiction, the case against defendants had been pending for well over a year, the discovery deadline had passed, and the parties had fully briefed defendants' motion for summary judgment; and it was not unfair to plaintiffs simply because there was a risk of duplicative litigation

in state court); Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996) (finding that district court did not abuse its discretion in retaining jurisdiction over state law claims because it did not raise any novel or unsettled issues of state law and, at the time of remand, the lawsuit had been in litigation for more than two years, the trial date was less than a month away, the parties had already filed more than 300 pleadings, most of the parties had already prepared extensive discovery disclosures, and summary judgment motions on behalf of many of the remaining defendants were pending); Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587–90 (5th Cir. 1992) (finding that the district court abused its discretion in retaining jurisdiction over state-law claims following the dismissal of all federal-law claims because the proceedings were at a relatively early stage when the district court elected to retain jurisdiction after dismissing all federal claims—the case had been pending for only nine months and discovery had not been completed—and there was no indication that the district judge had substantial familiarity with the merits of the case; trying the remaining state issues in state court would not impose any significant additional burdens on the parties such as repeating the effort and expense of the discovery process; the relitigation of procedural matters in state court would not pose any undue hardship; and the case involved difficult state-law issues that were best left to the state courts).

Additionally, although the district court stated in its order of remand that "[t]here is no doubt that this products liability case involves complex issues of State law . . . and in the interest of comity, these State law issues would be more properly decided by a State forum," the remaining state-law issues in this case do not appear to be particularly novel or complex, and many of them may not even require the application of Louisiana substantive law. Brookshire points to two remaining issues of Louisiana law that "lie at the heart of this case"—choice of law and prescription—and that a Louisiana state court would be better

equipped to handle. Neither appears to involve anything other than the routine choice of law or prescription analysis that would arise in any products liability case. Neither the district court nor Brookshire has provided any explanation of why these areas of Louisiana law are particularly difficult to apply in this case. Indeed, the district court has already addressed these issues in this case, applying Louisiana prescription law and determining that Brookshire's claims against one of the parties arising in Texas should be governed by Texas substantive law. Regardless, even if this case involved novel or complex state law issues, the significant amount of judicial resources invested by the district court would lead us to find that the district court abused its discretion in remanding this case.

Finally, one more reason for reversing the remand order is that, if the order is not reversed, there is a significant risk that Brookshire will attempt to re-litigate in state court rulings made against it by the district court, including those relating to choice of law, prescription, breach of implied warranty, and application of Texas's economic-loss rule, and that this would cause the flexpipe defendants substantial prejudice. Cf. Mendoza, 532 F.3d at 347 ("Plaintiffs complain that by retaining jurisdiction, the district court ran the risk of duplicating similar litigation in state court. But Plaintiffs themselves created the duplicate litigation after having expressly stated in their federal court pleadings a desire to avoid 'dual track litigation.'"); Parker & Parsley, 972 F.2d at 588 ("[W]e do not expect the relitigation of other matters to pose undue hardship. The defendants can hardly contest jurisdiction, and we do not see other obstacles to resolution of the case in the state court, save those that ought to be there . . . .").

Considering the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity as applied to this case, we find that the district court abused its discretion by

11

declining supplemental jurisdiction over the remaining state law claims and remanding this suit to state court. We REVERSE the ruling of the district court and REMAND the case for further proceedings.