# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20176
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2018

Lyle W. Cayce
Clerk

DAVID VAN VELZER,

Plaintiff-Appellant

v.

AMEGY BANK; STEPHEN H. DONCARLOS; FRED HILTON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2753

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Van Velzer appeals the dismissal of his civil action by the district court for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Van Velzer asserted federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Van Velzer also asserted several claims arising under Texas law. His complaint alleges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20176

that Amegy filed suit against him based on an alleged $25,000 credit card debt for which he was not responsible.  According to Van Velzer, the application for the credit card was forged, and Van Velzer informed Amegy of this, but Amegy continued to prosecute the lawsuit nevertheless.  Amegy eventually dismissed the case, but thereafter sent "a form 1099 for $25,000 to the IRS, for cancellation of debt," and it still reports the debt on Van Velzer's credit report.

Claims may properly be dismissed if the plaintiff fails to allege facts that, if accepted as true, would entitle him to relief.  FED. R. CIV. P. 12(b)(6).  We review a district court's Rule 12(b)(6) dismissal "*de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted).  However, we need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because the predicate act for Van Velzer's RICO claim was mail fraud, he also needed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) as to that claim, which required him to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citation omitted).

In this court, other than making conclusional assertions that his complaint is sufficient, Van Velzer has failed to address either the applicability of Rule 9(b) or the district court's conclusion that he did not make sufficient factual allegations.  Van Velzer has thus waived the issues essential to his

appeal. *See American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) (failure to provide legal or factual analysis of issue results in its waiver).

In any event, the dismissal was proper because Van Velzer's complaint failed to allege facts that, if true, would have supported his bare legal claims under the RICO statute and the FDCPA. Van Velzer's complaint, like his appeal brief, was comprised of "conclusory allegations, unwarranted factual inferences, [and] legal conclusions." *Plotkin*, 407 F.3d at 696. Accordingly, Van Velzer's federal claims deserved to be dismissed. *See* FED. R. CIV. P. 12(b)(6); *Varela v. Gonzales*, 773 F.3d 704, 712 (5th Cir. 2014).

After the district court dismissed Van Velzer's federal claims, it declined to maintain supplemental jurisdiction over Van Velzer's state claims. *See* 28 U.S.C. § 1367. The district court did not err in declining to exercise its supplemental jurisdiction once it dismissed Van Velzer's federal claims over which it had original jurisdiction. *See* § 1367(c)(3); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Finally, we hold that Van Velzer's argument that the dismissal of his complaint under Rule 12(b)(6) violated his constitutional right to a jury trial under the Seventh Amendment lacks merit. *See Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014).

The judgment is AFFIRMED.