# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2024

Lyle W. Cayce
Clerk

No. 24-50260
Summary Calendar
_____

Edward Turnbull, IV,

*Plaintiff—Appellant*,

*versus*

Board of Directors of the State Bar of Texas;
Commission for Lawyer Discipline; Office of the Chief
Disciplinary Counsel; Seana Willing; Amanda M. Kates;
John S. Brannon; Timothy J. Baldwin; Daniel Martinez;
Daniela Grosz; Jenny Hodgkins; Laura Gibson; Cindy V.
Tisdale; Sylvia Borunda Firth; Chad Baruch; Benny
Agosto, Jr.; et al.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-314

_____

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50260

Plaintiff-Appellant Edward Turnbull, IV brought a lawsuit against Defendant-Appellees the Board of Directors of the State Bar of Texas ("SBOT"), the Commission for Lawyer Discipline ("CLD"), the Office of the Chief Disciplinary Counsel, and over fifty individuals associated with SBOT and CLD. Plaintiff submitted state bar grievances against three attorneys representing Microsoft in a dispute between Plaintiff and Microsoft. The grievances were dismissed, and no action was taken against the attorneys. Plaintiff brought the instant federal lawsuit asserting that the state bar's dismissal of the grievances violated his rights. Specifically, Plaintiff alleged: (1) a federal equal protection claim because his grievances were treated differently than others; (2) a federal free speech and expression claim because Defendants' actions caused him to suffer an injury that would chill the speech of a person of ordinary firmness from continuing to engage in filing grievances under the Texas grievance process; (3) a state due process claim because Defendants deprived Plaintiff of the right to a full and fair explanation for why his grievances were dismissed; and (4) a state law equal protection claim because Defendants treated Plaintiff differently than other similarly situated complainants. The district court dismissed each of the federal claims for lack of Article III standing and dismissed the state law claims for lack of supplemental jurisdiction.

We agree with the district court's disposition. A panel of our court has held that a plaintiff generally has no standing to pursue complaints about the prosecution of state bar grievances against individuals other than themselves. *See, e.g.*, *Martinez v. State Bar of Tex.*, 797 F. App'x 167, 168 (5th Cir. 2020); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff has presented no compelling reason why *Martinez* should not apply here; the district court therefore properly dismissed Plaintiff's federal claims for lack of Article III standing. Similarly, we affirm

No. 24-50260

the district court's decision to decline to exercise supplemental jurisdiction over the remaining state law claims. *See Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

AFFIRMED.