# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10668
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

BRADLEY B. MILLER,

*Plaintiff—Appellant*,

*versus*

VIRGINIA TALLEY DUNN; THE HOCKADAY SCHOOL; LAURA
LEATHERS; KAREN WARREN COLEMAN; JENNIFER RHEA
TOWNZEN COATS; ANDREA MESHONN EVANS BROWN; AMY
SPENCE; CHRISTINA GOLDBERG; HUNTER FOLSOM LACEY;
LINDSAY LONGSHORE; DAVID H. FINDLEY; DEREK R. STAUB;
ANTHONY J. CAMPITI,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-889

---

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10668

Plaintiff-Appellant Bradley B. Miller brought federal and state law claims against his ex-wife, his daughter's school, administrators and employees of the school, and attorneys who have represented his ex-wife and the school. The district court sua sponte dismissed all claims, finding Miller failed to state a claim under federal law and relinquishing jurisdiction over the remaining state law claims. We AFFIRM.

**I.**

This is one of many suits stemming from divorce and child-custody proceedings between Plaintiff-Appellant Bradley B. Miller and Defendant-Appellee Virginia Talley Dunn. Among other things, Miller claims that Dunn, with the help of attorneys also named as defendants-appellees, obtained an allegedly fraudulent state court order to change their daughter's last name from Miller to Dunn, and similarly invalid temporary restraining orders that have prevented Miller from seeing his daughter for six years. Miller's daughter's school, and individuals associated with the school—additional defendants-appellees—allegedly conspired against Miller to recognize the name change and enforce the orders.

Proceeding pro se, Miller alleged First Amendment and Fourteenth Amendment violations, fraud and conspiracy in violation of criminal federal statutes, and various state law claims. Because Miller proceeded *in forma pauperis*, his complaint was subject to screening under 28 U.S.C. § 1915(e). Beginning with Miller's claims under 42 U.S.C. § 1983, the magistrate judge explained that Miller failed to plausibly allege the requisite action under color of state law by any of the private defendants. The magistrate judge then reasoned that Miller's claims under 42 U.S.C. §§ 1981, 1985, and 1986 likewise fail because Miller did not allege unequal treatment based on race or class, or a plausible conspiracy. Accordingly, the magistrate judge recommended that the district court dismiss all claims arising under federal

law and decline to exercise supplemental jurisdiction over the remaining state law claims. Over Miller's objections, the district court accepted the findings, conclusions, and recommendation of the magistrate judge, denied Miller's motion for leave to amend, dismissed Miller's federal claims with prejudice, and dismissed the remaining state law claims without prejudice. Finally, the district court denied Miller's motion for reconsideration. This appeal followed.

## II.

Section 1915(e) requires courts to dismiss an *in forma pauperis* proceeding at any time if the action fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B). This court reviews dismissals under § 1915(e)(2)(B) for failure to state a claim using the same de novo standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "we liberally construe a pro se complaint and hold it to less stringent standards than formal pleadings drafted by lawyers." *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020) (internal quotations and alterations omitted).

Also relevant here, we review a district court's decision to decline supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 for abuse of discretion. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009). Similarly, we review a district court's denial of a motion to amend a complaint for abuse of discretion. *Marucci*

No. 24-10668

*Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

### III.

To state a claim under § 1983, the plaintiff "must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). For private citizens, like Defendants-Appellants here, this means "the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* Specifically, the plaintiff must allege an agreement between the private citizens and state actors to commit an illegal act. *Id.* Miller failed to do so. While Miller argues that Defendants-Appellants had an agreement with state court judges to violate his federal rights, he did not plead anything beyond conclusory allegations of an agreement. *See id.* (affirming dismissal where complaint did not "allege specific facts to show an agreement"); *see also Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."). Therefore the district court did not err in dismissing Miller's claims under § 1983.

The district court also correctly dismissed Miller's remaining federal claims. As the magistrate judge noted, both § 1981 and § 1985(3) require racial or class-based discrimination. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020) (holding that to prevail in a § 1981 action, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (explaining that a § 1985(3) "conspiracy requires some form of class-based discrimination"). Miller's arguments to the contrary are unavailing. In addition to failing to allege racial or class-based discrimination, Miller did not allege a plausible conspiracy as

required to state a claim under § 1985(3). *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). Having failed to state a claim under § 1985, Miller cannot sustain a claim under § 1986, which requires a § 1985 conspiracy. *Id.*; *Bryant v. Mil. Dept. of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010).

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Miller's remaining state law claims. *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602 (recognizing the "general rule . . . that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"). Nor did the district court abuse its discretion in denying Miller's motion to amend his complaint, because the amendment would not have stated a plausible claim under federal law. *Marucci Sports, L.L.C.*, 751 F.3d at 378 ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

## IV.

Finding no reversible error in the district court's proceedings, we AFFIRM.