United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10497
Summary Calendar
_____

MICHAEL J. GILL,

Plaintiff-Appellant,

versus

STATE OF TEXAS; COUNTY OF LUBBOCK; CITY OF LUBBOCK;
CLAUDE JONES, Lubbock Police Chief; ARRESTING OFFICERS,
Lubbock Police Department; JAILERS; JODY MYATT, Legal
Aid; REPORTING OFFICERS, Lubbock Police Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-298-C
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael J. Gill appeals the district court's FED. R. CIV. P.

54(b) judgment dismissing several of the claims raised in his

42 U.S.C. § 1983 complaint.

Gill contends that the district court erred when it

dismissed his claims under 18 U.S.C. §§ 241 and 242 as legally

frivolous.  He also contends that the district court erred when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it dismissed his failure to file criminal charges claims as legally frivolous.

Contrary to Gill's contention, 18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability. See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960); Ali v. Shabazz, No. 93-2495 (5th Cir. Oct. 28, 1993) (unpublished). Further, decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); United States v. Batchelder, 442 U.S. 114, 124 (1979). Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous. See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Gill also contends that his ineffective assistance of counsel, false charge, unlawful arrest, involuntary confession, right to counsel, and false imprisonment claims were not barred by Heck v. Humphrey, 512 U.S. 477 (1994), because the criminal charges against him were dismissed. He also contends that because the criminal charges against him were dismissed, he is entitled to pursue his malicious prosecution claims. In support of these contentions, Gill attaches an order dismissing the criminal charges.

Gill did not present the order of dismissal to the district court prior to the district court's judgment, and this court may not consider evidence relating to the dismissal of Gill's criminal charges furnished for the first time on appeal. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Although Gill attached a copy of the order of dismissal to a motion to suppress filed prior to the district court's denial of Gill's motions to reconsider and amend the pleadings, Gill did not file an amended notice of appeal from the denial of these motions and, thus, this court does not have jurisdiction to review the district court's decision. See FED. R. APP. P. 4(a)(4)(B)(ii); Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).

Gill also contends that the district court erred when it dismissed his slander claims as legally frivolous. His conclusional allegations that the defendants' slanderous statements resulted in lost friendships, lost livelihood, lost time, and physical injuries are insufficient to state a claim under 42 U.S.C. § 1983. See Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989). Further, Gill's attempt to incorporate his district court pleadings by reference is an insufficient means of raising his arguments in this court. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Gill also contends that the district court erred when it denied his request for the appointment of counsel. Contrary to

Gill's contention, his civil rights action was not complex, he was educated and able to adequately present his case, and he was not incarcerated or unable to adequately investigate his claims. Therefore, the district court's refusal to appoint counsel was not an abuse of discretion. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Gill does not challenge the district court's determination that (1) he failed to state a claim against Mary Bednarz, Tom Gill, James "Jimmy" Bednarz, Theresa Beyer, Linda Bednarz, Michael Chandler, Jeremy Judge, and FNU Sanchez and (2) any complaints regarding incidents alleged to have occurred two years before Gill filed the complaint were barred by the applicable statute of limitations. Therefore, these claims are abandoned. See Yohey, 985 F.2d at 224-25.

Finally, although Gill reasserts his conditions of confinement, excessive force, denial of medical care, access to the courts, safe and sanitary housing, religious practice, excessive bail, cruel and unusual punishment, and change of social security number claims, these claims were not dismissed in the judgment being appealed, and Gill has not filed an amended notice of appeal from the dismissal of these claims. See FED. R. APP. P. 4(a)(4)(B)(ii). Therefore, this court is without jurisdiction to consider an appeal from the district court's dismissal of these claims. See Dison, 20 F.3d at 186.

Accordingly, the district court's judgment is AFFIRMED, and Gill's motion for the appointment of appellate counsel is DENIED.

AFFIRMED; MOTION DENIED.