# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2020

No. 19-20454
Summary Calendar

Lyle W. Cayce
Clerk

REGINALD JOHNSON,

      Plaintiff - Appellant

v.

SAMSUNG ELECTRONICS AMERICA, INCORPORATED; NISI-TEXAS,
INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-246

Before KING, GRAVES, and WILLETT, Circuit Judges

PER CURIAM:*

      Reginald Johnson filed this *pro se* lawsuit in federal district court against Samsung Electronics America, Inc. ("SEA") and NISI-Texas, Inc. ("NISI"). On March 22, 2018, Johnson self-installed an SEA electric wall oven. After experiencing functional issues with the oven, Johnson called an SEA

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

technician, who did not repair the oven because Johnson improperly installed it. Johnson then contacted Home Depot, and the store's installer purportedly found no issue with Johnson's installation of the oven.

In his complaint, Johnson alleged that Defendants committed "unlawful discriminatory conduct and deceptive practices" under 42 U.S.C. § 1981 and the Texas Deceptive Trade Practices Act ("TDTPA").  Johnson also mentioned "tort and contract claims" without specification or reference to any Texas law. Finally, Johnson brought claims under criminal statutes, 18 U.S.C. § 241 ("conspiracy against rights") and 18 U.S.C. § 245 ("federally protected activities").

Defendants moved to dismiss the complaint.  After the parties consented to proceed under 28 U.S.C. § 636(c), the Magistrate Judge granted the motion finding that Johnson "failed to allege any fact to support his [§ 1981] claim that Defendants' refusal to repair the oven was due to Plaintiff's race" and that Johnson's state law claims failed to meet the amount in controversy requirement for diversity jurisdiction. Accordingly, the Magistrate Judge entered final judgment dismissing Johnson's case for failure to state a claim and lack of subject matter jurisdiction. Johnson also filed a motion for default judgment, a motion to impose a federal criminal charge, and a motion for jury trial.  All three were denied.

On appeal, Johnson contests the Magistrate Judge's grant of the motion to dismiss, denial of the motion for default judgment, and denial of the motion for a trial by jury.  "We review a district court's grant of a motion to dismiss de novo." *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009).  Denials of motions for default judgment and jury trial are reviewed for an abuse of discretion.  *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (default judgment); *Pinemont Bank v. Belk*, 722 F.2d 232, 235 (5th Cir. 1984) (jury trial).

As an initial matter, Johnson's arguments before us consist of a regurgitation of his complaint and some conclusory statements. There is no identification of error in the detailed findings made by the district court. Accordingly, Johnson has abandoned any challenge to the district court's dismissal of his complaint. *See, e.g., Mapes v. Bishop,* 541 F.3d 582, 584 (5th Cir. 2008) (finding that a litigant's claims are "effectively abandoned" when he fails to make the arguments in the body of his appellate brief); *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995) (noting that Federal Rule of Appellate Procedure 28 requires that the appellant's argument contain "citation to the authorities, statutes and parts of the record relied on").

Johnson also offers no colorable basis for his claims. *See* FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (providing that, for a claim to survive a Rule12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level"). First, Johnson's claims under criminal statutes, 18 U.S.C. §§ 241 and 245, provide no ground for civil liability. *See Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005); *United States v. Cannon*, 750 F.3d 492, 507, n.16 (5th Cir. 2014). Second, Johnson makes no factual connection between his race and a denial of service repair that "allows the court to draw the reasonable inference that the defendant is liable for the [civil rights violations] alleged." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009)). Finally, Johnson alleges TDTPA violations and "tort and contract claims" without elaboration and fails to demonstrate that it is "facially apparent" that these unspecified state law claims are likely above $75,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995). Accordingly, we find no abuse of discretion in the district court's denial of the motion for jury trial and default judgment.

The judgment of the district court is AFFIRMED.