# United States Court of Appeals for the Fifth Circuit

————————

No. 24-50348

————————

William Curtis Jones,

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2024

Lyle W. Cayce
Clerk

*Plaintiff—Appellant*,

*versus*

Lon Heuer, *with the Jefferson County District Attorney's Office*; Charles Keith Hawkes, *with the Jefferson County District Attorney's Office*; Quentin Price, *with the Jefferson County District Attorney's Office*; Kenneth Bruce Florence; Brian Jagneaux, *Texas Department of Public Safety - Criminal Investigation Division*; Jennifer Doornbos, *Chief Prosecutorial Witness*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1396

————————————————————————

Before Higginbotham, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

William Curtis Jones has filed this *pro se* appeal of the district court's final judgment, which dismissed with prejudice his federal-law claims for lack

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of subject-matter jurisdiction. He also appeals the district court's dismissal without prejudice of his pendent state-law claims. For the following reasons, we AFFIRM the district court's judgment dismissing with prejudice Jones's habeas claims. We also AFFIRM the district court's judgment dismissing with prejudice for failure to state a claim Jones's claims against Waylon Thompson, the Manhattan Beach Police Department, the Texas Department of Public Safety in Beaumont, Texas, and Brian Jagneaux. We also AFFIRM the district court's judgment dismissing Jones's state-law claims without prejudice. Finally, we AFFIRM the district court's judgment dismissing Jones's remaining federal-law claims for lack of subject-matter jurisdiction, however, we MODIFY the judgment to reflect that it is without prejudice and AFFIRM as MODIFIED.

## I. Factual & Procedural Background

In November 2023, proceeding *pro se*, Jones filed a 176-page "Petition to Order State of Texas to Set Aside Judgement of Declaring the Plaintiff A 'Vexatious Litigant'–Violating the Plaintiff's Constitutional Rights and Civil Rights." The magistrate judge ("MJ") issued a report and recommendation ("R&R") analyzing Jones's numerous claims. In its R&R, the MJ recommended granting Jones's motion to proceed *informa pauperis*. The MJ further recommended granting in part one of Jones's motions to amend, thereby permitting him to append a state court motion to his complaint. The MJ then addressed the merits of Jones's federal-law claims, noting that his lawsuit arose out of what Jones contended was a wrongful conviction, and the litigation that followed. The MJ observed that:

> In fourteen causes of action, [Jones] alleges at least 30 violations of his constitutional rights, including violations of his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights, and he alleges his actual innocence. He asserts eight claims under 42 U.S.C. § 1983, and one under

No. 24-50348

> 42 U.S.C. § 1985; he [further] asserts state-law claims for malicious prosecution, civil conspiracy, intentional infliction of emotional distress, *respondeat superior*, and indemnification.

The MJ then noted that "[f]rom the over 600 pages of documents comprising the Complaint, attached exhibits, and Motion, . . . Jones's claims [fell] into two primary categories": (1) his objection "to state district Judge Mitch Templeton's judgment designating him a vexatious litigant, which he contends was politically motivated, to keep him 'silent,'" and (2) his allegation that he was wrongfully convicted because there was "no credible witness or evidence" presented at his trial and because the jury found him guilty based on "False Testimony and False Evidence, some of which w[as] fabricated knowingly by the Prosecution Team." Jones also alleged: (1) prosecutorial misconduct, fraud, and conspiracy, all of which resulted in his wrongful conviction, (2) that the petitions for a writ of habeas corpus that he filed in state court were rejected for noncompliance with court procedures in violation of his constitutional rights, and (3) ineffective assistance of trial and appellate counsel. Jones further sought in his complaint: (1) to prove his actual innocence, (2) to have the court declare Chapter 11 of the Texas Civil Practices & Remedies Code, which pertains to vexatious litigants, facially unconstitutional, and (3) to enforce the criminal statutory provisions under 18 U.S.C. §§ 241, 242, 245, and [42 U.S.C. §] 14141.[1]

The MJ recommended dismissing pursuant to Rule 12(h)(3) all of Jones's federal-law claims against all defendants for lack of subject-matter

---

[1] Jones erroneously cites to 18 U.S.C. § 14141 in his brief on appeal, as he did in the district court proceedings. For purposes of this appeal, we assume that he intends to cite to 42 U.S.C. § 14141 and analyze his claims accordingly.

jurisdiction. *See* FED. R. CIV. P. 12(h)(3).[2] In support of his recommendation, the MJ explained:

> Jones's lawsuit is problematic for several reasons. First, most of the defendants he purports to sue are immune from suit, and he fails to state claims against the defendants whose immunity is not immediately clear. Second, Jones's attempt to use this suit as a vehicle for a § 2254 habeas petition fails because his time to file a § 2254 petition is long expired. Third, even if relevant defendants were not immune from suit, Jones asks this court to substitute its judgment for a state court's; the *Rooker-Feldman* doctrine instructs it may not do so. Finally, if the District Court concludes that the relevant defendants do not have immunity and that the *Rooker-Feldman* doctrine does not apply, Jones still brought his suit in the improper venue. Because this suit regurgitates lawsuits filed in the U.S. District Court for the Eastern District of Texas, it is in the interest of justice to preserve judicial resources and dismiss this case rather than transfer it to a district where Jones's arguments have already been rejected.

Given that Jones had not stated a valid federal-law claim, the MJ further recommended declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over Jones's pendent state-law claims for malicious prosecution, civil conspiracy, intentional infliction of emotional distress, *respondeat superior*, and indemnity. Jones filed over 100 pages of objections to the R&R.

Conducting a *de novo* review, the district court overruled Jones's objections to the MJ's R&R, adopted the R&R as its own order, dismissed Jones's federal-law claims against all defendants with prejudice under Rule

---

[2] Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

No. 24-50348

12(h)(3), and dismissed his state-law claims without prejudice. Jones filed this appeal.

## II. Standard of Review

We conduct a *de novo* review of a district court's *sua sponte* dismissal for lack of subject-matter jurisdiction. *See Sanders v. Boeing Co.*, 2021 WL 3412509, at *2 (5th Cir. Aug. 4, 2021) (unpublished) (citing *Brainerd v. Sawyer*, 54 F. App'x 406 (5th Cir. 2002) (unpublished) (citing Fed. R. Civ. P. 12(h)(3); *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 945 (5th Cir. 1994))).

## III. Discussion

Proceeding *pro se*, Jones has submitted a lengthy brief on appeal that for the most part appears to advance the same claims that he did in his complaint before the district court. We address each of Jones's arguments in turn. And as the district court did, we reject them all.

### A. Criminal Statutes

In the underlying proceedings, Jones sought to enforce the criminal statutory provisions in 18 U.S.C. §§ 241, 242, 245, and [42 U.S.C. §] 14141 and he appears to do the same on appeal. As the district court noted, however, these are purely criminal statutes. Thus, we agree with the district court that, as a private citizen, Jones has no standing to institute a federal criminal prosecution under these statutes, nor does he have the power to enforce these criminal statutes. *See Gill v. State of Tex.*, 153 F. App'x 261, 262–63 (5th Cir. 2005) (unpublished) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)). Accordingly, we hold that the district court did not err in dismissing Jones's claims under 18 U.S.C. §§ 241, 242, 245, and [42 U.S.C. §] 14141.

### B. Habeas Claims

No. 24-50348

On appeal, Jones also seeks habeas relief under 28 U.S.C. § 2254, as he did before the district court, alleging that he received ineffective assistance of trial and legal counsel throughout his criminal proceedings in Texas. The district court denied Jones's habeas claims as time barred—noting that his criminal conviction was affirmed by the Texas Ninth Circuit Court of Appeals on July 24, 2019,[3] and that the Texas Court of Criminal Appeals denied his subsequent petition for discretionary review on October 23, 2019. Thus, to be considered timely, his § 2254 petition should have been filed no later than October 23, 2020. Because his complaint incorporating his habeas claims was not filed until November 8, 2023, however, we agree with the district court that it was time barred. 28 U.S.C. § 2244(d)(1)(A) (stating that the 1-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").[4] As such, we hold that the district court did not err in dismissing Jones's claims under 28 U.S.C. § 2254.

*C. Claims Against the Jefferson County District Attorney's Office*

In his complaint before the district court, Jones named the Jefferson County District Attorney's Office as a defendant in his suit. The district court dismissed the county district attorney's office as a defendant because it is "not a legal entity capable of suing or being sued." It is unclear whether Jones is appealing the district court's ruling on this issue. To the extent that he is, however, we agree with the district court. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991) ("In order for a plaintiff to sue a

---

[3] *Jones v. State*, No. 09-18-00071-CR, 2019 WL 3308958, at *5 (Tex. App.—Beaumont July 24, 2019).

[4] Because no application was pending for state post-conviction or other collateral review at the time Jones sought relief from the district court under § 2254, he was also ineligible for tolling of the limitations period under 28 U.S.C. § 2244(d)(2).

city department, it must 'enjoy a separate legal existence'. . . [Thus,] unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). We thus hold that it did not err in dismissing the Jefferson County District Attorney's Office as a named defendant in Jones's suit.

### D. Dismissals on Grounds of Immunity from Suit

In the underlying proceedings, Jones's complaint also named as defendants the state of Texas, Judge Templeton, Assistant District Attorneys Kenneth Bruce Florence and Quentin Dean Price, and witnesses Jennifer Doornbos and Charles Keith Hawkes. The district court dismissed each of these defendants from Jones's suit, explaining that: (1) the state of Texas is entitled to sovereign immunity from suit and its immunity has not been waived or abrogated in these proceedings, (2) Judge Templeton is entitled to judicial immunity, (3) the assistant district attorneys are entitled to prosecutorial immunity, and (4) the witnesses are entitled to absolute immunity. To the extent that Jones is appealing the district court's dismissal of these defendants from his suit, we hold that the district court did not err. *See Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."); *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 276–77 (5th Cir. 2001) (explaining that "[u]nder § 1983, prosecutors are entitled to absolute immunity for acts performed as advocates of the state" and "witnesses are entitled to absolute immunity against § 1983 suits based on their testimony in a criminal trial").

### E. Failure to State a Claim

The district court also dismissed Jones's claims against Waylon Thompson, the Manhattan Beach Police Department, the Texas Department of Public Safety in Beaumont, Texas, and Brian Jagneaux with the Texas Department of Public Safety because Jones's complaint did not contain allegations against any of these defendants or alternatively, simply advanced passing accusations that were insufficient to state a valid claim. Assuming that Jones is appealing the district court's dismissal of these defendants, we affirm the district court's dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

### F. State-law Claims

Because we agree with the district court that Jones has failed to state a valid claim under federal law, we also hold that it did not err in declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Jones's pendent state-law claims for malicious prosecution, civil conspiracy, intentional infliction of emotional distress, *respondeat superior*, and indemnity. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ."). Accordingly, we hold that the district court did not err in dismissing Jones's state-law claims without prejudice. *Id.*

### G. Dismissal Under Rule 12(h)(3) Without Prejudice

In the proceedings below, the district court *sua sponte* dismissed with prejudice Jones's federal-law claims against all defendants on grounds that it lacked subject-matter jurisdiction under Rule 12(h)(3). Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)). However, a dismissal for lack of subject matter jurisdiction is *without prejudice*, as it is "not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Here, because the district court *sua sponte* dismissed Jones's federal-law claims against some defendants under Rule 12(h)(3) for lack of subject-matter jurisdiction, it should have done so without prejudice. *See* FED. R. CIV. P. 41(b). For this reason, we modify its judgment of dismissal as to those defendants with prejudice to be without prejudice and affirm as modified.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment dismissing with prejudice Jones's habeas claims. We also AFFIRM the district court's judgment dismissing with prejudice for failure to state a claim Jones's claims against Waylon Thompson, the Manhattan Beach Police Department, the Texas Department of Public Safety in Beaumont, Texas, and Brian Jagneaux. We also AFFIRM the district court's judgment dismissing Jones's state-law claims without prejudice. Finally, we AFFIRM the district court's judgment dismissing Jones's remaining federal-law claims

No. 24-50348

for lack of subject-matter jurisdiction, however, we MODIFY the judgment to reflect that it is without prejudice and AFFIRM as MODIFIED.