# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2025

Lyle W. Cayce
Clerk

No. 24-20553
Summary Calendar

_____

Louis Galynsky,

*Plaintiff—Appellant*,

*versus*

Vincent Rodriguez; Truck Driver, *Unidentified Individual*;
Prosecutor, *Unidentified Individual*; Female Officer, *Unidentified
Individual*; Mark Herman,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-2368

_____

Before Clement, Southwick, and Oldham, *Circuit Judges*.
Per Curiam:*

Louis Vargas, formerly known as Louis Galynsky[1], appeals the district
court's dismissal of his pro se complaint that alleged a peonage claim under
18 U.S.C. § 1581, as well as multiple state law claims, including false

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] We refer to the Plaintiff-Appellant as Galynsky for consistency with the briefing.

imprisonment, defamation, intentional infliction of emotional distress, conspiracy, negligence, economic coercion, and violation of civil rights under Texas state law.

We review a district court's ruling on a Federal Rule of Civil Procedure 12(b)(6) motion de novo. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). The district court did not err in dismissing Galynsky's peonage claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009); *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam). We decline to consider Galynsky's argument that he stated a peonage-related claim under 42 U.S.C. § 1983 because he raised that argument for the first time in his reply brief. *Allen v. Hays*, 65 F.4th 736, 746 (5th Cir. 2023).

Furthermore, under the circumstances, the district court did not abuse its discretion in dismissing Galynsky's complaint without first providing an opportunity to amend. *See Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Additionally, Galynsky has not shown that the district court's decision to decline to exercise supplemental jurisdiction over the remaining state-law claims was an abuse of discretion. *See* 28 U.S.C. § 1367(c)(3); *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872–73 (5th Cir. 2016) (per curiam); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (per curiam).

To the extent that Galynsky alleges that the district court failed to grant him an additional extension of time to respond to the motion to dismiss, Galynsky never sought such relief. He has shown no abuse of discretion. *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021); *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam).

Accordingly, the district court's judgment is AFFIRMED.